**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CURTIS ISIAH EVERHART,**

**Plaintiff,**

**v.**

**GREG BAIN SPANEL, et al.,**

**Defendants.**

**Case No. 1:26-cv-324**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

**ORDER**

On April 13, 2026, Magistrate Judge Litkovitz issued a Report and Recommendation (R&R, Doc. 4), recommending that the Court dismiss this case without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971). No one has objected. Finding no clear error in the Magistrate Judge's reasoning, the Court **ADOPTS** the R&R in its entirety and **DISMISSES** this case **WITHOUT PREJUDICE**.

At the time the Magistrate Judge issued the R&R, Plaintiff Curtis Isiah Everhart was a pretrial detainee at the Warren County Jail in Lebanon, Ohio. (Doc. 4, #51). On March 31, 2026, he brought this pro se civil rights action under 42 U.S.C. § 1983 against Defendants Detective Greg Bain Spanel, Attorney Chase T. Kirby, and Judge Donald E. Oda, II, for allegedly violating his rights in connection with a then-pending criminal case in the Warren County Court of Common Pleas. (*Id.*).

That criminal case began on September 9, 2025, and it included fourteen felony counts against Everhart. (*Id.* at #53 n.1 (taking judicial notice of *State v. Everhart*, 25-cr-043001 (Warren Cnty. Ct. Common Pleas))). According to Everhart's complaint here, Kirby, his attorney, "went to a court proceeding without him; divulged to the

prosecution the defense's legal strategy at multiple hearings; has not devoted sufficient time to [Everhart's] case; and will not file a motion to suppress on [Everhart's] behalf." *(Id.* (citing Compl., Doc. 3, #47)). Additionally, one of the state's witnesses, Spanel, allegedly deleted messages from Everhart's cellphone and provided evidence "inconsistent with facts in the record." (*Id.*).

Concerned with Kirby's handling of the criminal case, Everhart sent a letter to Judge Oda, who was presiding over the matter, requesting another attorney. (*Id.* (citing Doc. 3, #49)). Judge Oda denied that request. (*Id.* (citing Doc. 3, #47)). On February 10, 2026, Kirby visited Everhart to determine why he was unhappy with Kirby's representation. (*Id.*). Everhart "explained that the whole nature of the representation was disappointing, and he was extremely displeased that Kirby went to proceedings without him." (*Id.* at #54 (citing Doc. 3, #49–50)).

At the time he filed this federal action, he had been detained in connection with the state-court criminal proceeding for nearly seven months. (*See id.* (citing Doc. 3, #48)). That was because the state court had set his bond at $50,000, and he could not pay. (*See id.*). Everhart's complaint does not identify a constitutional theory, but asks this Court to intervene because "the state court is being unfair to him in his criminal case." (*Id.*). The Magistrate Judge, taking judicial notice of the state-court record, determined that Everhart's trial was set for May 28, 2026. (*Id.* at #53 n.1).

Reviewing Everhart's complaint under her screening authority, (*id.* at #51–53), the Magistrate Judge concluded that *Younger* bars the Court's intervention, (*id.* at #54–55). The R&R informed Everhart that he had fourteen days to object, and that,

if he failed to do so, he might forfeit his appeal rights. (*Id.* at #56). The time for objections has now passed, and Everhart has filed none.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For any unobjected portions of an R&R, by contrast, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The procedural posture in this case has changed since the Magistrate Judge issued the R&R. The state-court docket reveals that the May 28, 2026, trial did not occur because Everhart opted to enter a guilty plea. (*See State v. Everhart*, 25-cr-043001 (Warren Cnty. Ct. Common Pleas)). The docket further indicates that Everhart has since filed an appeal in state court, which appears to be pending. (*Id.*). Ultimately, though, neither development changes the appropriate outcome here. "*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citation omitted). And "[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system." *Taylor v. Hooven*, __ F.4th __, 2026 WL 2147381, at *5 (6th Cir. 2026)

(citation omitted). Additionally, the Magistrate Judge correctly determined that no exception to *Younger* abstention applies. (*See* Doc. 4, #55). So, appeal notwithstanding, the result remains the same: abstention is the proper course. Because the Court understands Everhart to be seeking only injunctive relief, as opposed to damages, dismissal, rather than a stay, is appropriate. *Doe v. Lee*, No. 3:20-cv-610, 2020 WL 4926607, at *7 (M.D. Tenn. Aug. 21, 2020). Additionally, to the extent that Everhart's sought-after relief concerned alleged constitutional violations tethered specifically to the trial-court proceedings, it would appear that his request for relief is now moot.

In sum, the Court finds no clear error in the Magistrate Judge's recommendation. Accordingly, the Court **ADOPTS** the R&R (Doc. 4), in its entirety and **DISMISSES** this case **WITHOUT PREJUDICE**. Consistent with that, the Court **DIRECTS** the Clerk to enter judgment for Defendants and to **TERMINATE** this case on the Court's docket. The Court also adopts the Magistrate Judge's recommendation that it certify under 28 U.S.C. § 1915(a) that any appeal of this opinion and order would not be taken in good faith, and therefore denies Everhart leave to appeal in forma pauperis.

**SO ORDERED.**

August 5, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**